1  Cortney Lewis
2  3650 S. Heath Way
   Chandler, AZ
3  85248
4  480-331-1331

```
                FILED      LODGED
                RECEIVED   COPY

                JUN 13 2013

         CLERK U S DISTRICT COURT
            DISTRICT OF ARIZONA
         BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cortney Lewis, <br><br> Plaintiff, <br><br> vs. <br><br> SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., <br><br> Defendant. | Case No.: CV-13-01195-PHX-DGC <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

**NATURE OF THE ACTION,
JURISDICTION AND VENUE**

1. This is an individual action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended (ERISA)(29 U.S.C. §1001 et seq.), to correct unlawful denial of employee benefits (short-term disability).

1

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331. This action is authorized.

3. Plaintiff is, and at all times material hereto, has been a resident in the State of Arizona, residing in Maricopa County.

4. Plaintiff exhausted her administrative remedies by appealing the denial of short-term disability benefits to the plan administrator (Defendant Sedgwick Claims Management Services, Inc.) and receiving notice of a final denial, the filing of this Complaint is timely, and all prerequisites have therefore been satisfied for filing this Complaint.

**PARTIES**

5. Plaintiff Cortney Lewis (hereinafter referred to as "Plaintiff" or "Plaintiff Cortney Lewis") is represented "Propria Persona" and reserves her rights to appoint attorney(s) to this foregoing cause of action if desired. Plaintiff currently resides at 3650 S. Heath Way, Chandler, AZ 85248.

6. Plaintiff is a citizen of Maricopa County, resides in Maricopa County, worked in Maricopa County for the sponsor of the employee welfare plan and was denied the benefits in question while residing in Maricopa. Jurisdiction and venue are proper in this Court.

7. Defendant Sedgwick Claims Management Services, Inc. (hereinafter referred to as "Defendant" or "Defendant

2

Sedgwick CMS") maintains its main office at 175 W. Jackson Boulevard, Suite 700, Chicago, IL 60604.

8. Defendant Sedgwick CMS is the claims administrator of an employee welfare benefit plan sponsored by Plaintiff's former employer.

9. Plaintiff is a "participant" within the meaning of 29 U.S.C. §1002(7) in the Plan within the meaning of 29 U.S.C. §1002(1).

10. Defendant Sedgwick CMS is the claims administrator of the Plan. 29 U.S.C. §1002(16)(A).

11. Defendant Sedgwick CMS is a fiduciary. 29 U.S.C. § (21)(A).

12. At all relevant times, Defendant Sedgwick CMS has been subject to ERISA as the administrator. 29 U.S.C. §1002(16)(A).

13. Defendant Sedgwick CMS has a financial interest, either directly or indirectly, in the outcome of its claims determinations.

## BACKGROUND AND STATEMENT OF CLAIMS

14. Plaintiff worked for eBay, Inc., as a Customer Solutions Agent II from January, 2011 until on or about July 1, 2012.

15. Plaintiff developed stenosing tenosynovitis, "trigger finger," and a ganglion cyst on her right hand.

3

16. Plaintiff applied for short-term disability benefits on or after June 22nd, 2011, and was approved; effective July, 1st, 2011.

17. There is a 7-day Elimination Period for the STD benefits.

18. Plaintiff underwent a surgical procedure.

19. Plaintiff was advised that a second surgical procedure was necessary.

20. Plaintiff received a letter from Defendant Sedgwick CMS, stating that her short-term disability benefits were discontinued.

21. Plaintiff has been unable to work as a result of this condition, and complications from this condition.

22. Disability is defined in the Short Term Disability (STD) Plan, to mean that "because of Injury or Sickness:

    a. The Participant cannot perform the material duties of his or her regular occupation, and

    b. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation."

23. Notwithstanding the fact Plaintiff's condition prohibits her from performing each of the material duties of her regular job as a Customer Solutions Agent II, Defendant has denied Plaintiff STD benefits.

24. Plaintiff provided more than adequate medical information substantiating the nature of her conditions and the nature of the limitations resulting from these conditions.

25. Plaintiff went through the necessary procedural steps in applying for and then appealing the denial of STD benefits.

26. At each step Defendant has arbitrarily and capriciously ignored both the explicit medical information regarding Plaintiff's disability and limitations.

27. In so doing Defendant has ignored the plain meaning of the STD plan, acted in bad faith and violated its fiduciary responsibilities under ERISA.

### COUNT I: ERISA - SECTION 502(a) ILLEGAL DENIAL OF BENEFITS

28. Plaintiff hereby incorporates Paragraphs 1 through 28 of her Complaint as though the same were more fully set forth at length herein.

29. Defendant owes a fiduciary duty to Plaintiff to discharge its duties in the interest of the participant and for the exclusive purpose of providing benefits to eligible participants.

30. Defendant also has a fiduciary duty to apply the Plan in a reasonable manner and to make determinations supported by competent evidence.

31. Defendant's denial of disability benefits is arbitrary and capricious.

32. Defendant's denial of benefits lacks any reasonable factual or medical basis.

33. Defendant has violated ERISA.

34. Defendant's violations are knowing and willful.

**<u>PRAYER FOR RELIEF</u>**

35. WHEREFORE, Plaintiff respectfully requests that this Court:

   a. Grant a permanent injunction enjoining Defendant, its officers, successors, and assigns and all persons in active concert or participation with it from engaging in any employment practice which violates ERISA.

   b. Order Defendant to make Plaintiff whole by paying appropriate back benefits with pre-judgment interest, liquidated damages, and/or other affirmative relief necessary to eradicate the effects of its unlawful actions and practices.

   c. Order Defendant to pay the costs and, if acquired, reasonable attorney's fees incurred by Plaintiff.

   d. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted this 13th day of June, 2013.

*Cortney Lewis* (signature)
Cortney Lewis
3650 S. Heath Way
Chandler, AZ 85248

Copy of the foregoing mailed
on June 13th to:

Sedgwick CMS
175 W. Jackson Boulevard,
Suite 700
Chicago, IL 60604